Filed 5/14/25  P. v. Lamb CA4/2
See Dissenting Opinion

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

THE PEOPLE,

     Plaintiff and Respondent,

v.

ANDREW CHARLES LAMB,

     Defendant and Appellant.

E082846

(Super.Ct.No. RIF1700595)

OPINION

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.

Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Vincent P. LaPietra and Daniel Rogers, Deputy Attorneys General, for Plaintiff and Respondent.

1

# I.

## INTRODUCTION

The trial court found defendant and appellant Andrew Charles Lamb ineligible for resentencing pursuant to Penal Code[1] section 1172.75 because the sentencing enhancement imposed for his having suffered a prior prison term (§ 667.5, subd. (b)) was imposed and stricken during his initial sentencing proceedings.

On appeal, defendant contends trial courts must conduct full resentencing hearings pursuant to section 1172.75 for every defendant whose prison sentence includes a prior prison term enhancement under section 667.5, subdivision (b), regardless of whether the enhancement was originally executed, stayed or stricken. We disagree. If the punishment on a now-invalid prison prior was struck when the defendant was originally sentenced, then the defendant is ineligible for resentencing under section 1172.75, subdivision (d). Therefore, we affirm the trial court's order denying the defendant's request for resentencing under section 1172.75.[2] We affirm.

---

[1] All future statutory references are to the Penal Code.

[2] The question of whether section 1172.75 applies to prior prison terms which were imposed and stayed is currently pending before our Supreme Court. (See *People v. Rhodius* (2023) 97 Cal.App.5th 38 (*Rhodius*), review granted Feb. 21, 2024, S283169; *People v. Saldana* (2023) 97 Cal.App.5th 1270 (*Saldana*), review granted Mar. 12, 2024, S283547; *People v. Christianson* (2023) 97 Cal.App.5th 300 (*Christianson*), review granted Feb. 21, 2024, S283189.)

## PROCEDURAL BACKGROUND[3]

In July 2017, defendant pleaded guilty to residential burglary (§ 459) and assault by means likely to produce great bodily injury (§ 245, subd. (a)(4)). Defendant also admitted to having suffered a prior strike conviction (§§ 667, subds. (d), (e)(2)(A), 1170.12, subds. (b), (c)(2)(A)), a prior serious felony conviction (§ 667, subd. (a)(1)), and a prior prison term (§ 667.5, subd. (b)). In return, defendant was promised a stipulated term of 15 years in state prison, dismissal of the remaining charges, and that punishment for the prison prior would be stricken. In accordance with the plea agreement, the trial court sentenced defendant to 15 years in state prison, dismissed the remaining charges, and struck the one-year punishment for the prison prior.[4]

As of January 1, 2020, Senate Bill No. 136 (2019-2020 Reg. Sess.) (Stats. 2019, ch. 590) amended section 667.5, subdivision (b), to eliminate sentence enhancements for prior prison terms unless the prior terms were for sexually violent offenses. (Stats. 2019, ch. 590, § 1; *People v. Coddington* (2023) 96 Ca1.App.5th 562, 567.) Two years later, Senate Bill No. 483 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 728) added section 1172.75 (formerly § 1171.1) to provide a resentencing procedure that extends the elimination of prior prison term enhancements (other than for sexually violent offenses) to all persons

---

[3] The underlying factual background is not relevant to the issues raised on appeal. We therefore dispense with a statement of facts.

[4] We note that the court's minute order of the July 11, 2017, sentencing hearing and the July 12, 2017, abstract of judgment incorrectly show that punishment for the prior prison term was stayed.

currently incarcerated in jail or prison. (Stats. 2021, ch. 728, § 3.) The resentencing procedure, set forth in section 1172.75, subdivision (d), requires the trial court to impose "a lesser sentence than the one originally imposed" unless the court finds by clear and convincing evidence that doing so would endanger public safety. (§ 1172.75, subd. (d)(1), (2).)

After being notified by the California Department of Corrections and Rehabilitation (CDCR) that defendant's sentence included section 667.5, subdivision (b) enhancement, on November 8, 2023, the trial court purportedly recalled defendant's sentence pursuant to newly enacted section 1172.75.

On December 21, 2023, with defendant present via video conference, the court conducted a section 1172.75 hearing. The court denied defendant's request for a full resentencing hearing, finding defendant to be ineligible on the ground that the punishment for the prison prior had been struck at his original sentencing. In so doing, the trial court incorporated the reasoning of this court in *Rhodius*, *supra*, 97 Cal.App.5th 38. The court ordered an amended abstract of judgment reflecting the section 667.5, subdivision (b) prison prior enhancement was struck. Defendant timely appealed.

DISCUSSION

Defendant argues that the trial court erred by failing to conduct a full resentencing hearing under subdivision (d) of section 1172.75 regardless of whether the enhancement was initially executed, stayed or stricken, and thus a remand is required for the court to conduct a full resentencing. The People argue that because the punishment for the prison prior was struck, defendant is not entitled to resentencing under section 1172.75. We agree with the People.

"Prior to January 1, 2020, section 667.5, subdivision (b) required trial courts to impose a one-year sentence enhancement for each true finding on an allegation the defendant had served a separate prior prison term and had not remained free of custody for at least five years." (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379-380.) On January 1, 2020, after defendant's sentencing hearing, Senate Bill No. 136 amended section 667.5, subdivision (b), to allow for the imposition of a one-year prior prison term enhancement only for prior convictions based upon specified sexually violent offenses. (Stats. 2019, ch. 590, § 1.)

In 2022, the Legislature enacted Senate Bill No. 483, establishing a recall and resentencing procedure for any persons serving a term of incarceration, whose sentences included an invalid prior prison term enhancement. (See § 1172.75, subd. (c).) The resentencing process begins with corrections officials notifying the court that an incarcerated person is serving a term for a judgment that includes an invalid

section 667.5, subdivision (b) enhancement. (See § 1172.75, subd. (b).) It is well-settled that neither a defendant nor someone acting upon the defendant's behalf can seek recall for resentencing by filing a motion or petition. (*People v. Cota* (2023) 97 Cal.App.5th 318, 332 ["section 1172.75 does not authorize a defendant to seek resentencing on his or her own motion or petition"].)

Section 1172.75 establishes a deadline under which the secretary of the CDCR and county correctional administrators must identify persons in custody serving sentences that include an enhancement under section 667.5. First, "[b]y March 1, 2022, for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the [affected] enhancement." And second, "[b]y July 1, 2022, for all other individuals." (§ 1172.75, subd. (b)(1),(2).) Resentencing for the "priority" group was statutorily required to occur by October 1, 2022, and "[b]y December 31, 2023, for all other individuals." (§ 1172.75, subd. (c)(1), (2).)

The Legislature made this change retroactive by adding section 1171.1 (Stats. 2021, ch. 728, § 3), which was later renumbered section 1172.75 without substantive change. (Stats. 2022, ch. 58, § 12.) Under section 1172.75, "[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to subdivision (b) of [s]ection 667.5," except for enhancements for certain sexually violent offenses, "is legally invalid." (§ 1172.75, subd. (a).) Section 1172.75 also provides that, if a prior prison term enhancement becomes invalid under the section, a trial court "shall recall the sentence and resentence the defendant" (§ 1172.75, subd. (c)), and, in doing so, "shall

6

apply . . . any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).)

Section 1172.75, subdivision (d), describes the resentencing procedure. The resentencing "shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).)

Our appellate courts are currently split on whether the word "imposed" in subdivision (a) of section 1172.75 applies only to enhancements that were imposed and executed or also applies to those that were imposed and stayed. By granting review of *Rhodius*, *supra*, 97 Cal.App.5th 38, the Supreme Court has agreed to resolve the "imposition" issue.

In *Rhodius*, *supra*, 97 Ca1.App.5th 38, this court held that "imposed" must be interpreted as shorthand for "imposed and executed" in order to make sense of the requirement in section 1172.75, subdivision (d)(1), that resentencing must result in "*a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement*." (*Rhodius*, at p. 43.) Reasoning that "[t]he only way for the repealed enhancement to have increased the length of a sentence is for the enhancement to have been imposed and executed," (*id*. at p. 44.) we concluded that if section 1172.75 applied to stayed prior prison term enhancements, then a resentencing court faced with

7

such an enhancement would be required to "arbitrarily lower" the defendant's sentence to comply with the "lesser sentence" requirement. (*Rhodius*, at p. 44.) Because the Legislature presumably did not intend such an outcome, this court held that section 1172.75 must be construed to apply only to prior prison term enhancements that were imposed and executed. (*Rhodius*, at p. 44.)

The rest of the appellate decisions to consider the issue have concluded that section 1172.75 applies regardless of whether the prior prison term enhancement was executed or stayed. (*People v. Renteria* (2023) 96 Cal.App.5th 1276; *Christianson*, *supra*, 97 Cal.App.5th 300; *Saldana*, *supra*, 97 Cal.App.5th 1270; *People v. Mayberry* (2024) 102 Cal.App.5th 665, review granted Aug. 14, 2024, S285853 (*Mayberry*).) *Christianson*, *Saldana*, and *Mayberry* reasoned that *Rhodius*'s concern about applying section 1172.75 to stayed enhancements was unfounded, because striking a stayed enhancement does result in a "lesser" sentence within the meaning of section 1172.75, subdivision (d)(1). As *Christianson* explained, a stayed enhancement carries "the potential for an increased sentence," because "the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, at p. 312.) Striking a stayed enhancement reduces the defendant's sentence, because it eliminates the risk that the enhancement will be executed in the future. (*Ibid.*; see *Saldana*, at p. 1277; *Mayberry*, at pp. 674-675 ["Imposed-but-stayed prior prison term enhancements carry the possibility of execution," and striking them "eliminates their impact."].) Resentencing courts thus would not be

8

required to arbitrarily lower a sentence that included a stayed prior prison term enhancement, because striking the stayed enhancement is sufficient to satisfy the "lesser sentence" mandate of section 1172.75, subdivision (d)(1). (*Christianson*, at p. 312; *Saldana*, at p. 1278; *Mayberry*, at pp. 674-675.)

Defendant argues that the trial court was required to resentence him pursuant to subdivision (d) of section 1172.75, because the plain language of section 1172.75 does not limit its application to cases wherein the prison priors were imposed and executed but also applies to stayed or stricken prison priors as they remain a part of the judgment. Defendant also asserts that the legislative history of Senate Bill No. 483 indicates the Legislature intended section 1172.75 to apply broadly. The People counter that because the punishments on the prison priors were struck, the reasoning of *Rhodius* applies. We agree with the People.

As *Christianson* pointed out, "[w]hen a punishment is stayed, as opposed to stricken, the trial court retains the ability to lift the stay and impose the term under certain circumstance[s], such as if an alternately imposed term is invalidated." (*Christianson*, *supra*, 97 Ca1.App.5th at p. 312.) But when the sentencing court struck the punishment for defendant's prison priors, the court eliminated any possibility that those prison prior enhancements could be executed, even if an alternatively imposed term was later invalidated. (See *Ibid.*; see also *People v. Brewer* (2014) 225 Ca1.App.4th 98, 104, 106.) Resentencing defendant pursuant to subdivision (d) of section 1172.75, under such circumstances would therefore have forced the court to arbitrarily lower his sentence to

9

comply with the "lesser sentence" requirement (§ 1172.75, subd. (d)), because the striking of a prison prior enhancement for which the punishment had already been struck would not by itself result in a lesser sentence. (See *Rhodius*, *supra*, 97 Ca1.App.5th at p. 44.) We agree with *Rhodius* that the Legislature did not intend such a result.

In the present case, the record clearly shows punishment for the prior prison term enhancement was stricken, not stayed. At the time defendant entered into his negotiated plea agreement, the parties agreed that punishment on the prison prior would be stricken. And at the original sentencing hearing, the trial court struck defendant's punishment for the prison prior.

In *People v. Espino* (2024) 104 Cal.App.5th 188 (*Espino*), review granted October 23, 2024, S286987, the Sixth District Court of Appeal held that the term "'impose[d]'" as used in section 1172.75 also included prior prison term enhancements for which punishment had been stricken. *Espino* held that defendants with stricken punishment for prior prison term enhancements are entitled to full resentencing, reasoning that the Legislature intended the phrase "'[a]ny sentence enhancement'" in section 1172.75 to be applied broadly, whether the punishment was executed, stayed or stricken. (*Espino*, at pp. 196-197.) The majority saw no reason to distinguish between prison prior enhancements that were imposed but stayed and those that were imposed but the punishment stricken. (*Id*. at p. 193 ["section 1172.75 should be interpreted to apply whenever a prison prior was imposed, whether punishment was executed, stayed, or struck"].) The dissent, however, found "the concept of a sentence enhancement being

10

'imposed' when its punishment was stricken" incomprehensible, and the dissent further observed that "[f]or enhancements, the California Supreme Court has identified two potential meanings of 'impose': '[T]he word "impose" [can apply] to enhancements that are "imposed and then executed" as well as those that are "imposed and then stayed."'" [Citation.]" (*Id*. at p. 203 (dis. opn. of Lie, J.).) The dissent also echoes *Rhodius*'s concern that the Legislature presumably did not intend to force resentencing courts to arbitrarily lower sentences, noting that "eliminating an enhancement for which the court had already stricken the punishment" does not, by itself, result in a lesser sentence. (*Espino*, at p. 203, fn. 2 (dis. opn. of Lie, J.).) The majority opinion does not address that issue. On balance, we find the *Espino* dissent more persuasive than the majority opinion.

We disagree with the majority's holding in *Espino*. Because punishment for the prison prior enhancement in this case was stricken, it was not imposed and executed, the section 1172.75 requirement for a resentencing hearing does not apply. In fact, since punishment for the enhancement was previously stricken, there was nothing more the trial court could do to eliminate punishment for the enhancement and impose a lesser sentence. (§ 1172.75, subd. (d)(1).)

Based on the foregoing reasons, we conclude that section 1172.75 does not apply to defendant's prior prison term enhancement that was imposed and stricken and that he therefore is not entitled to resentencing under subdivision (d) of the statute.

11

IV.

DISPOSITION

The trial court's order finding defendant ineligible for resentencing under section 1172.75 is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

I concur:


McKINSTER
Acting P. J.

12

[*People v. Lamb*, E082846]

RAPHAEL, J., dissenting.

I respectfully dissent, as I would follow *People v. Espino* (2024) 104 Cal.App.5th 188, review granted Oct. 23, 2024, S286987 and hold that a prison prior enhancement imposed in a judgment qualifies a defendant for resentencing under Penal Code section 1172.75 even if the trial court struck the one-year punishment on the enhancement.[1]

The text of section 1172.75 encompasses such an enhancement. Section 1172.75, subdivision (a), invalidates any prison prior enhancement "imposed" before 2020, excluding only those for sexually violent offenses. It contains no other exclusion. Even the majority refers to defendant Andrew Charles Lamb's enhancement as "imposed." (Maj. opn., *ante*, at p. 10 ["imposed but the punishment stricken"].) This is consistent with normal usage. (See, e.g., *People v. Boukes* (2022) 83 Cal.App.5th 937, 939 [trial court "imposed, but struck punishment on the gang enhancements"], review granted Dec. 14, 2022, S277103.) Under the terms of the statute, then, the enhancement is invalid, and Lamb qualifies for a resentencing without the enhancement, as section 1172.75 provides in its subdivisions (c) and (d).

It is reasonable for the majority to consider whether there is some reason not to apply the statute's invalidation provision in this straightforward manner. But in doing so, the majority fails to recognize that the enhancement was imposed in a manner

---

[1] Undesignated statutory citations are to the Penal Code.

1

authorized by our state's sentencing statutes. Instead, the majority opinion appears to endorse a view that imposing an enhancement while striking its punishment is "incomprehensible." (Maj. opn., *ante*, at p. 11.) Were that true, it could support the majority's decision to depart from the statutory text. After all, an incomprehensible sentencing enhancement might be invalid, such that it could be removed from a judgment even without section 1172.75. But our sentencing laws in fact authorized imposition of the enhancement. Because, as I will explain, the enhancement's imposition was authorized for penological purposes, it makes sense that the enhancement was "imposed" like any other and invalidated by section 1172.75.

At sentencing, the Penal Code permits a court to "strike or dismiss" an enhancement entirely. (§ 1385, subds. (a), (b).) If a court does that, the enhancement is *not* "imposed." It would not appear in the defendant's abstract of judgment and would not qualify the defendant for recall-and-resentencing. The Secretary of the Department of Corrections would not even identify the defendant as a person covered by section 1172.75. (See § 1172.75, subds. (a), (b).)

Rather than strike the enhancement, though, the Penal Code allows a court to "instead strike the additional punishment for that enhancement in the furtherance of justice." (§ 1385, subd. (b)(1).) As mentioned above, this is typically described as *imposing* the enhancement but striking the punishment. (E.g., *People v. Hall* (2024) 104 Cal.App.5th 1077, 1088.) A trial court that does this chooses to *impose* the enhancement even though it could strike it. State law

2

guides judges in making that choice. California Rules of Court, rule 4.428, entitled "[f]actors affecting imposition of enhancements," provides factors for the court's decision to impose the enhancement but strike the punishment: "In determining whether to strike the entire enhancement or only the punishment for the enhancement, the court may consider the effect that striking the enhancement would have on the status of the crime as a strike, the accurate reflection of the defendant's criminal conduct on his or her record, the effect it may have on the award of custody credits, and any other relevant consideration." (Cal. Rules of Court, rule 4.428(b); see *In re Pacheco* (2007) 155 Cal.App.4th 1439, 1444-1445 [finding consequences from an enhancement because even though the punishment was struck the "fact of the enhancement . . . remained" and listing various consequences that could result from such an enhancement].)

So when a trial court chooses not to strike an enhancement, but to impose an enhancement and strike its punishment, it is making a choice authorized in the statutory scheme. That is, to achieve penological purposes, the law authorizes trial courts to impose enhancements but strike the punishment. Because this is a formal part of California sentencing, it makes sense that these enhancements are invalidated by the language in section 1172.75, subdivision (a). It does not make sense for us to exclude them. To be sure, most defendants face little, if any, effect from an imposed enhancement where the punishment was struck. But where the imposition of an enhancement is a trial court decision that formally serves sentencing purposes, even if

3

slight, it makes sense to infer that the Legislature intended to include that enhancement within a law that retroactively eliminates the enhancement from judgments. Once one recognizes that Lamb's enhancement is invalidated by section 1172.75, subdivision (a), the statutory relief he qualifies for is a resentencing under subdivisions (c) and (d), not the striking of his enhancement.

RAPHAEL       

J.

4